By the Court.
At first blush this case seemed to present a formidable question, but upon more careful consideration, when bared to the bone, the question seems very simple.
Property does not pass under will by any natural right. Its transmission by way of inheritance or otherwise, after death, is solely by virtue of our statutes. When this will was made by a resident of Ohio and offered and admitted to probate in the:state of Ohio, it became an Ohio instrument, creating an Ohio trust, to be administered agreeable to Ohio law, unless the terms and provisions of the instrument clearly indicated some specific terms or provisions clearly showing a contrary intention on the part of the testatrix. That the testamentary trustees were residents of New York is not enough to show such contrary intention. The presumption is that they were selected for personal confidence, rather than geographical location — rather than mere jurisdiction as to the administration of the trust.
It is not enough that the securities had as their situs the city and state of New York. Being personal property their domicile is ambulatory and follows their lawful custodian. Under the Ohio law the primary lawful custodian of this trust is *257 the probate court of Cuyahoga county, Ohio, and the testamentary trustees mentioned in the will are simply the instruments or agents of the court of Ohio in the administration of the trust.
The law of Ohio, haying authorized the will and the probate of the will, also fixed the terms and conditions for the administration of the trust created by the will.
If it had been the intention of the testatrix to attach some provision against assignment or alien-ability, to the provision creating the trust in favor of the plaintiff in error, Edwin R. Lozier, the natural thing for her to have done in that behalf was to have so written it in the will. She is presumed to know that otherwise the law of Ohio would control in the administration of the will and that under the law the plaintiff in error’s interest could be aliened as any other interest in the property.
We are unable to discover any substantial evidence of a persuasive nature that the testatrix did not intend that the trust should be administered agreeable to the laws of Ohio and the trust property have all the attributes usually pertaining thereto.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Jones, Matthias, Donahue, Wanamaker and Robinson, JJ., concur.
Nichols, C. J., not participating.